UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br>**KOONTZ-WAGNER CUSTOM CONTROL HOLDINGS LLC,**<br>　　　　　Debtor.<br><br>**RODNEY D. TOW, CHAPTER 7 TRUSTEE,**<br>　　　　　Plaintiff,<br>　　v.<br>**ELECTRICAL WHOLESALE SUPPLY CO., INC.**<br>　　　　　Defendant. | Case No. 18-33815<br><br>(Chapter 7)<br><br><br><br>Adversary No. 20-_____ |

**TRUSTEE'S ORIGINAL COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547 AND 550, AND FOR OTHER RELIEF**

Rodney D. Tow (the "Trustee" or "Plaintiff"), in his capacity as chapter 7 trustee for the chapter 7 bankruptcy estate of Koontz-Wagner Custom Control Holdings, LLC (the "Debtor"), brings this adversary proceeding (pursuant to Fed R. Bankr. P. 7001, to avoid and recover transfers pursuant to 11 U.S.C. §§ 547 and 550 and other related relief and respectfully alleges, on information and belief, as follows:

**JURISDICTION AND VENUE**

1.　　The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 1334. This adversary proceeding is a civil proceeding arising in or arising under title 11 of the United States Code (the "Bankruptcy Code").

2.　　This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (F), and (O).

3. Venue of the Debtor's bankruptcy case and this adversary proceeding is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Trustee consents to entry of a final judgment by this Court.

## NATURE OF ACTION

5. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedures. By this adversary proceeding, the Trustee seeks to avoid and recover certain preferential transfers that the Debtor made or caused to be made to or for the benefit of the Defendant (defined below), pursuant to Bankruptcy Code §§ 547 and 550, and to disallow certain claims pursuant to Bankruptcy Code § 502(d)

## PARTIES

6. Plaintiff is the chapter 7 trustee of the Debtor's bankruptcy estate in Bankruptcy Case No. 18-33815.

7. Plaintiff may be served at 1122 Highborne Cay Court, Texas City, Texas, 77590 (rtow@rtowtrustee.com) with a copy to counsel, R. J. Shannon, 7320 N MoPac Expy., Ste 400, Austin, TX 78731 (rshannon@bn-lawyers.com).

8. Electrical Wholesale Supply Co., Inc. ("Defendant") is an Idaho corporation.

9. Defendant may be served pursuant to Bankruptcy Rule 7004(b) by mailing a copy of this Complaint and summons to its registered agent on file with the Idaho Secretary of State, Kreg L Davis, 2670 Bellin Circle, Idaho Falls, ID 83402.

## CASE BACKGROUND

10. On July 11, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

11. The Office of the United States Trustee appointed the Trustee as the interim chapter 7 trustee of the Debtor's bankruptcy estate on July 11, 2018. The Trustee became the permanent trustee after the Debtor's meeting of creditors pursuant to Bankruptcy Code § 341 on October 2, 2018, and remains the chapter 7 trustee as of the date of this filing.

## COUNT ONE
### Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547

12. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

13. On or within ninety (90) days before the Petition Date (the "Preference Period"), the Debtor transferred or caused to be transferred, to or for the benefit of Defendant, property of the Debtor in the form of payment of money or money equivalents in, at least, the total amount of $102,778.92, as more specifically set forth in Exhibit A hereto (the "Transfers").

14. Each of the Transfers constituted the transfer of money from a bank account owned by the Debtor.

15. Each of the Transfers was made, or caused to be made, to or for the benefit of Defendant.

16. Each of the Transfers was accepted by Defendant.

17. Defendant was a creditor of the Debtor at the time or immediately prior to the time when each of the Transfers was made.

18. Each of the Transfers was made for or on account of a debt owed by the Debtor to Defendant prior to the Transfer.

19. The Debtor was insolvent when each of the Transfers was made.

20. The Debtor is presumed to be insolvent when each of the Transfers was made pursuant to Bankruptcy Code § 547(f).

3

21. The Transfers were made within the Preference Period.

22. The Transfers, unless avoided, will enable Defendant to receive more than Defendant would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made and Defendant received payments on account of its debt to the extent provided by the Bankruptcy Code.

23. After review of the Debtor's books and records, the Trustee knows of no affirmative defense held by the Defendant.

24. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to Bankruptcy Code § 547.

## COUNT TWO
### Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550

25. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

26. Defendant was either the initial transferee of the Transfers or the entity for whose benefit the Transfers were made.

27. Pursuant to Bankruptcy Code § 550, the Trustee may recover the Transfers or the value of the Transfers from the Defendant for the benefit of the Debtor's bankruptcy estate.

## COUNT THREE
### Disallowing, Barring, and Expunging the Defendant's Claims Pursuant to 11 U.S.C. § 502

28. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

29. Defendant is a transferee of the Transfers, which are avoidable and recoverable under Bankruptcy Code §§ 547 and 550.

30. The Trustee has demanded repayment of the Transfers through this Complaint.

31. Pursuant to Bankruptcy Code § 502(d), unless and until Defendant turns over to the Trustee the value of the Transfers or otherwise repays the Transfers, if Defendant asserts a claim against the Debtor's bankruptcy estate, including by way of filing a proof of claim in the Debtor's chapter 7 case, any such claim must be disallowed.

32. Based upon the foregoing, the Trustee is entitled to entry of judgment disallowing any claim(s) that the Defendant may hold against the Debtor's bankruptcy estate.

## PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter judgment against Defendant:

(a) Avoiding the Transfers (plus any additional transfers of property of the Debtor to the Defendant during the Preference Period that discovery may reveal) to the Defendant as preferential transfers pursuant to Bankruptcy Code § 547;

(b) Awarding to the Trustee for the benefit of the Debtor's bankruptcy estate recovery in the amount of the Transfers, plus the amount of additional avoided transfers that discovery may reveal and post-judgment interest;

(c) Disallowing any claim the Defendant may assert against the Debtor's bankruptcy estate, until such time as (i) Defendant turns over to the Trustee any property the transfer of which has been avoided pursuant to Bankruptcy Code § 547 or (ii) Defendant has paid the amount for which Defendant is liable pursuant to Bankruptcy Code § 550; and

(d) Awarding the Trustee such other and further relief as may be just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: July 9, 2020

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**

*/s/R. J. Shannon*
R. J. Shannon (TBA No. 24108062)
7320 N MoPac Expy
Greystone II Suite 400
Austin, TX 78731
Telephone: (512) 476-9253
Facsimile:  (512) 279-0310
Email: rshannon@bn-lawyers.com

*Special Counsel for Rodney D. Tow, Chapter 7 Trustee for Koontz-Wagner Custom Control Holdings LLC*

6

| DBF | Date | Payee | Amount | Inv Paid | Inv Date | Inv Amt | Days to Ck Issued | Min/Max/Avg Days Out | Total Paid |
|---|---|---|---|---|---|---|---|---|---|
| 89 | 4/13/2018 | Electrical Wholesale Supply, Inc. | 31,500.96 | Various | 2/20/2018 |  | 52.00 | 18.00 |  |
|  |  |  |  | Various | 3/26/2018 | 31,500.96 | 18.00 | 64.00 |  |
| 82 | 4/20/2018 | Electrical Wholesale Supply, Inc. | 32,501.86 | Various | 2/23/2018 |  | 56.00 | 43.00 |  |
|  |  |  |  | Various | 3/8/2018 | 32,501.86 | 43.00 |  |  |
| 68 | 5/4/2018 | Electrical Wholesale Supply, Inc. | 4,212.46 | Various | 3/12/2018 |  | 53.00 |  |  |
|  |  |  |  | Various | 3/30/2018 | 4,212.46 | 35.00 |  |  |
| 61 | 5/11/2018 | Electrical Wholesale Supply, Inc. | 3,440.09 | S4436405.001 | 4/6/2018 | 3,086.09 | 35.00 |  |  |
|  |  |  |  | S4440826.001 | 4/5/2018 | 354.00 | 36.00 |  |  |
| 54 | 5/18/2018 | Electrical Wholesale Supply, Inc. | 21,033.04 | S4412282.001 | 4/9/2018 | 5,499.76 | 39.00 |  |  |
|  |  |  |  | S4412284.001 | 4/9/2018 | 5,499.76 | 39.00 |  |  |
|  |  |  |  | S4412285.001 | 4/9/2018 | 5,499.76 | 39.00 |  |  |
|  |  |  |  | S4412288.001 | 4/9/2018 | 4,533.76 | 39.00 |  |  |
| 47 | 5/25/2018 | Electrical Wholesale Supply, Inc. | 3,709.31 | S4444809.001 | 4/11/2018 | 3,709.31 | 44.00 |  |  |
| 19 | 6/22/2018 | Electrical Wholesale Supply, Inc. | 6,381.20 | Various | 4/19/2018 | 6,245.20 | 64.00 |  |  |
|  |  |  |  | S4445738.003 | 4/25/2018 | 136.00 | 58.00 |  | 102,778.92 |

Exhibit A