UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **KOONTZ-WAGNER CUSTOM** | § | Case No. 18-33815 |
| **CONTROL HOLDINGS LLC,** | § | |
| | § | Chapter 7 |
| **Debtor** | § | |
| | § | |
| **RODNEY D. TOW, CHAPTER 7** | § | |
| **TRUSTEE** | § | |
| | § | |
| **Plaintiff** | § | Adversary No. 20-03269 |
| | § | |
| v. | § | |
| | § | |
| **ELECTRICAL WHOLESALE** | § | |
| **SUPPLY CO., INC.** | § | |
| | § | |
| **Defendant** | § | |

## ELECTRICAL WHOLESALE SUPPLY CO., INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO TRUSTEE'S ORIGINAL COMPLAINT

Electrical Wholesale Supply Co., Inc. ("EWS"), by and through its attorneys, answers the Trustee's Original Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§547 and 550, and for Other Relief (the "Complaint") as follows:

1. EWS admits the jurisdictional averments contained in paragraph number one (1) of the Complaint.

2. EWS admits that this is a core proceeding as set forth in paragraph number two (2) of the Complaint.

3. EWS admits that the venue of this case is properly in this district as stated in paragraph number three (3) of the Complaint.

4. EWS consents to the entry of a final judgment by this Court subject to EWS's answer below.

5. EWS admits to the procedural averments made in paragraph number five (5) of the Complaint, EWS denies the remaining averments contained in paragraph five (5) and denies that Plaintiff is entitled to the relief being sought therein.

6. EWS admits the averments contained in paragraph number six (6) of the Complaint.

7. EWS admits the averments contained in paragraph number seven (7) of the Complaint.

8. EWS admits the averments contained in paragraph number eight (8) of the Complaint.

9. EWS denies the averments contained in paragraph number nine (9) of the Complaint. EWS may be served by serving its Idaho counsel, Weston S. Davis at Nelson Hall Parry Tucker, PLLC, 490 Memorial Drive, Idaho Falls, ID 83402.

10. EWS admits the averments contained in paragraph number ten (10) of the Complaint.

11. EWS admits the averments contained in paragraph number eleven (11) of the Complaint.

12. EWS denies the averments contained in paragraph number twelve (12) of the Complaint.

13. EWS admits that it received money from the Debtor during the ninety (90) days preceding the date of the petition. EWS admits that there is attached to the Complaint an Exhibit A which purports to track payments sent to EWS during the Preference Period. EWS denies the remaining averments in paragraph number thirteen (13) of the Complaint, and is without sufficient knowledge or information to admit or deny the validity of the information contained in Exhibit A attached to the Complaint.

14. EWS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number fourteen (14) of the Complaint inasmuch as it does not know the ownership of the account from which the money was transferred. For purposes of pleading, EWS denies the averments contained in paragraph fourteen (14) of the Complaint.

15. EWS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number fifteen (15) of the Complaint. For purposes of pleading, EWS denies the averments contained in paragraph fifteen (15) of the Complaint.

16. EWS admits that it received money from the Debtor during the Preference Period (as that term is defined in the Complaint). EWS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph number sixteen (16) of the Complaint. For purposes of pleading, EWS denies the remaining averments contained in paragraph sixteen (16) of the Complaint.

17. EWS admits that it was a creditor of the Debtor prior to the time each of the purported Transfers (as defined in the Complaint) were made. EWS is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph number seventeen (17) of the Complaint. For purposes of pleading, EWS denies the remaining averments contained in paragraph seventeen (17) of the Complaint.

18. EWS admits that it received money during the Preference Period (as that term is defined in the Complaint) from the Debtor in payment for services provided.

19. EWS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number nineteen (19) of the Complaint. For purposes of pleading, EWS denies the averments contained in paragraph nineteen (19) of the Complaint.

20. EWS admits the averments contained in paragraph twenty (20) as it relates to the recitation of 11 U.S.C. § 547(f), EWS denies the remaining averments made in paragraph twenty (20) and denies that Plaintiff is entitled to the relief being sought therein

21. EWS admits the averments contained in paragraph twenty-one (21) of the Complaint.

22. EWS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number twenty-two (22) of the Complaint. For purposes of pleading, EWS denies the averments contained in paragraph twenty-two (22) of the Complaint.

23. EWS denies the averments contained in paragraph twenty-three (23) of the Complaint.

24. EWS denies the averments contained in paragraph twenty-four (24) of the Complaint.

25. EWS denies the averments contained in paragraph twenty-five (25) of the Complaint.

26. EWS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number twenty-six (26) of the Complaint. For purposes of pleading, EWS denies the averments contained in paragraph twenty-six (26) of the Complaint.

27. EWS admits the averments contained in paragraph twenty-seven (27) as it relates to the recitation of 11 U.S.C. § 550, EWS denies the remaining averments made in paragraph twenty-seven (27) and denies that Plaintiff is entitled to the relief being sought therein..

28. EWS denies the averments contained in paragraph twenty-eight (28) of the Complaint.

29. EWS is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number twenty-nine (29) of the Complaint. For purposes of pleading, EWS denies the averments contained in paragraph twenty-nine (29) of the Complaint.

30. EWS admits the averments contained in paragraph thirty (30) of the Complaint.

31. EWS admits the averments contained in paragraph thirty-one (31) as it relates to the recitation of 11 U.S.C. § 502(d), EWS denies the remaining averments made in paragraph thirty-one (31) and denies that Plaintiff is entitled to the relief being sought therein..

32. EWS denies the averments contained in paragraph thirty-two (32) of the Complaint. .

33. All averments in the Complaint not admitted are denied.

### First Affirmative Defense

34. The Trustee may not avoid the transfers referenced in the Adversary Complaint pursuant to 11 U.S.C. §547 because the Transfers were intended by the Debtor and the Defendant to be a contemporaneous exchange for new value given to the Debtor and it was in fact a substantially contemporaneous exchange.

### Second Affirmative Defense

35. The Trustee may not avoid the Transfers reference in the Adversary Complaint pursuant to 11 U.S.C. §547 because the Transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and the Defendant and the Transfers were made in the ordinary course of business or financial affairs of the Debtor and the Defendant; or were made according to ordinary business terms.

Wherefore, premises considered, Defendant requests that this Adversary Proceeding be dismissed in its entirety with costs adjudged against the Plaintiff.

DATED: March 12, 2021

Respectfully submitted,


HOFFMAN & SAWERIS, P.C.

By:*/s/ Alan Brian Saweris*_____
    Alan Brian Saweris
    State Bar No. 24075022
    S.D. Bar Number: 1850547
    Matthew Hoffman
    State Bar No. 09779500
    S.D. Bar No. 3454
    Hoffman & Saweris, p.c.
    2777 Allen Parkway, Suite 1000
    Houston, Texas 77019
    (713) 654-9990 *(Telephone)*
    (866) 654-0038 *(Facsimile)*


    -AND--


NELSON, HALL, PARRY TUCKER, PLLC

By: */s/ Weston S. Davis*
Weston S. Davis
490 Memorial Drive
P.O. Box 51630
Idaho Falls, ID 83405
(208) 522-3001 (telephone)
(208) 523-7254 (fax)
wsdavis@nhptlaw.net (email)


ATTORNEYS FOR ELECTRICAL WHOLESALE SUPPLY CO., INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of March 2021, a true and correct copy of the foregoing Answer and Affirmative Defenses was served upon the following persons via ECF/CM or by U.S. Mail, postage paid to the address set forth below:

Rodney D. Tow, Chapter 7 Trustee
c/o R. J. Shannon, Esq.
Parkins Lee & Rubio LLP
Pennzoil Place
700 Milam Street, Suite 1300
Houston, TX 78702
(713) 715-1660 (Telephone)
rshannon@parkinslee.com

and

Rodney D. Tow, Chapter 7 Trustee
1122 Highborne Cay Court
Texas City, Texas 77590
rtow@rtowtrustee.com

*/s/ Alan Brian Saweris*_____
Alan Brian Saweris